IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DENNIS C. MCELRATH,<br><br>Plaintiff,<br><br>vs.<br><br>O'CONNOR PLAYDON GUBEN & INOUYE LLP; JERROLD GUBEN,<br><br>Defendants. | CIVIL NO. 24-00418 SASP-WRP<br><br>FINDINGS AND RECOMMENDATION TO GRANT IN PART DEFENDANTS' BILL OF COSTS, ECF NO. 94 |

FINDINGS AND RECOMMENDATION TO GRANT IN PART DEFENDANTS' BILL OF COSTS, ECF NO. 94

Before the Court is Defendants O'Connor Playdon Guben & Inouye LLP and Jerrold Guben's (Defendants) Bill of Costs, ECF No. 94. Plaintiff Dennis C. McElrath (Plaintiff) filed an Objection to the Bill of Costs. See ECF No. 96. The Court finds the Bill of Costs suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii (Local Rules). After careful consideration of the Bill of Costs, the record in this action, and relevant legal authority, the Court FINDS AND RECOMMENDS that the Bill of Costs be GRANTED IN PART.[1]

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections

Specifically, the Court recommends denying Defendants' request for $300.91 in parking fees. See ECF No. 94. However, the Court recommends taxing the remainder of the requested costs in the amount of $25,925.88, in favor of Defendants.

## RELEVANT BACKGROUND

On August 12, 2026, District Judge Shanlyn A.S. Park granted summary judgment in favor of Defendants. See Order Granting Defendants' Motion For Summary Judgment On All Of Plaintiff's Claims, ECF No. 92. That same day, Judgment was entered in favor of Defendants. See Judgment in a Civil Case, ECF No. 93.

On August 26, 2026, Defendants filed their Bill of Costs. See Bill of Costs, ECF No. 94. The Bill of Costs included parking expenses as "Other costs." See id. at 1, ECF No. 94-1 at 21; Declaration of Lanson K. Kupau II, ECF No. 94-2 at para. 16; Exhibit 1, ECF No. 94-3 at 3; Exhibit 6, ECF No. 94-8 at 2. Plaintiff objects to these parking expenses. See Objection, ECF No. 96 at 3.

## DISCUSSION

Federal Rule of Civil Procedure (FRCP) 54(d)(1) provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than

---

within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Thus, Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded." See Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999). "The presumption itself provides all the reason a court needs for awarding costs, and when a district court states no reason for awarding costs, [the appellate court] will assume it acted based on that presumption." See Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003). "To overcome this presumption, the losing party must 'establish a reason to deny costs.'" See Seven Signatures Gen. P'ship v. Irongate Azrep BW LLC, 871 F. Supp. 2d 1040, 1047 (D. Haw. 2012) (quoting Dawson v. City of Seattle, 435 F.3d 1054, 1070 (9th Cir. 2006)).

While courts have discretion to award costs pursuant to Rule 54(d), "courts may tax only those costs defined in 28 U.S.C. § 1920." See Yasui v. Maui Elec. Co., 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999) (citations omitted). Section 1920 enumerates costs taxable to a prevailing party:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Parking expenses incurred while the prevailing party meets with its attorneys are not taxable under Section 1920. See Yasui, 78 F. Supp. 2d at 1130 ("[Defendant] seeks $100.00 for airlines tickets and $7.00 for parking in connection with a meeting held between [Defendant] and its attorneys. Such costs are not taxable as costs under section 1920.") (citation omitted); see also Kaulia v. Cnty. of Maui, No. CIV 0500290 JMS/LEK, 2007 WL 2746843, at *4 (D. Haw. Sept. 17, 2007) ( "Section 1920 does not provide for the taxation of [parking] costs.")

Here, Plaintiff disputes the $300.91 in parking fees incurred by "Client Jerry Guben" and "Client Jeff Juliano, Esq." Exhibit 1, ECF No. 94-3 at 3. Regarding Jerry Guben, Defendants state that "Mr. Guben spent substantial time meeting with Defendants' counsel to provide factual and legal context concerning FOPCO's Chapter 7 bankruptcy proceeding and the events underlying Plaintiff's claims" and that "his participation was important to Defendants' preparation and defense of this action." Bill of Costs, ECF No. 94-1. Defendants do not explain the purpose of the parking fees incurred by "Client Jeff Juliano, Esq." Exhibit 1,

ECF No. 94-3 at 3. Further, Defendants do not attach vouchers, bills or other documents supporting the parking costs. See Local Rule 54.1(c) ("Any vouchers, bills, or other documents supporting the requested costs shall be attached as exhibits"). Insofar as parking fees incurred by clients meeting with counsel are not authorized by 28 U.S.C. § 1920, the Court recommends declining taxation of the $300.91in parking expenses. See Yasui, 78 F. Supp. 2d at 1126, 1130. The Court finds that the balance of the requested costs in the amount of $25,925.88 is appropriate for taxation. Accordingly, the Court recommends that Defendants be awarded the remaining balance of their taxable costs in the amount of $25,925.88.

## CONCLUSION

The Court FINDS AND RECOMMENDS that Defendants' Bill of Costs be GRANTED IN PART, see ECF No. 94. Specifically, the Court recommends denying Defendants' request for taxation of parking expenses in the amount of $300.91. ECF No. 94. The Court recommends taxing the remainder of costs in the amount of $25,925.88 in favor of Defendants.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, September 18, 2026.

Wes Reber Porter
United States Magistrate Judge

McElrath v. O'Connor Playdon Guben & Inouye LLP, et al.; CV. NO. 24-000418 SASP-WRP; FINDINGS AND RECOMMENDATION TO GRANT IN PART DEFENDANTS' BILL OF COSTS, ECF NO. 94.